IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MERRIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-5067-CV-SW-RED |
| | ) | |
| TOYOTA MOTOR ENGINEERING & | ) | |
| MANUFACTURING NORTH AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Toyota Motor Engineering & Manufacturing North America, Inc.'s Motion for Summary Judgment (Doc. 28). After careful consideration, this Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff alleges negligent manufacture and/or design; strict liability - product defect; strict liability - failure to warn; and breach of the implied warranty of fitness for a particular purpose in her Petition. Plaintiff seeks recovery for property damage resulting from a fire which occurred on May 29, 2009 in the garage of Plaintiff's home. Plaintiff alleges that "electrical arcing occurred in the [Toyota's] front dashboard's electrical wiring connections and/or components" and that "[t]he electrical arcing was the result of a manufacturing and/or design defect [in the Toyota]." Defendant has moved for summary judgment on all counts. While the summary judgment motion was pending, this Court, in its Order of November 10, 2011, granted Defendant's motions to strike the testimony of Plaintiff's experts.

## STANDARD OF REVIEW

According to Fed. R. Civ. P. 56(a), summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence." *Reed v. ULS Corp*, 178 F.3d 988, 990 (8th Cir. 1999). A party can show that a fact is not genuinely disputed by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

## LEGAL ANALYSIS

In order to prove negligence or strict liability, Plaintiff must prove "that the defect in the product or the negligence of the manufacturer was the proximate cause of the injuries sustained by the plaintiff while he was using the product in a reasonably intended manner." *Willard v. Bic Corp.*, 788 F.Supp. 1059, 1063 (W.D.Mo. 1991). Plaintiff relies upon stricken expert testimony to prove that a defect existed in the Toyota. (See Plaintiff's Opposition, p. 5). Accordingly, Plaintiff has not presented admissible evidence to support the fact that a defect existed in the Toyota.

Nonetheless, Plaintiff alleges that she can prove a product defect through circumstantial evidence; this appears to be a res ipsa theory of liability. Plaintiff did not plead res ipsa in her complaint, but, instead, plead specific acts of negligence, namely, that the electrical arcing was the result of a manufacturing and/or design defect. (Petition ¶ 8). Therefore, Plaintiff cannot recover under a res ipsa theory. *See Dunn v. Nexgrill Indus., Inc.*, 636 F.3d 1049, 1058 (8th Cir. 2011)("Because [Plaintiffs] did not plead res ipsa, and because they pled specific acts of negligence on the part of [Defendant], [Plaintiffs] cannot recover under a res ipsa theory."). Furthermore,

summary judgment is appropriate on Plaintiff's claims of negligence and strict liability - product defect.

In order to establish a case for breach of implied warranty of fitness for a particular purpose, Plaintiff must "establish a 'seller' at the time of contracting has reasons to know any particular purpose for which the 'goods' are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." If these elements are met, then there is an "implied warranty that goods shall be fit for such purpose." However, Plaintiff has set forth no evidence, outside of the stricken expert testimony, that the Toyota was not fit for Plaintiff's particular purpose as Plaintiff has set forth no admissible evidence that the Toyota was defective.

Lastly, in order to prove a cause of action for failure to warn, the Plaintiff must prove that the injuries sustained were "caused by the product from which the warning is missing" and the warning would have altered the behavior of the individual involved in the accident. Once again, Plaintiff has not set forth evidence, apart from the stricken expert testimony, showing that the Toyota was the cause of the fire. Accordingly, summary judgment is also appropriate on Plaintiff's claim for failure to warn.

## CONCLUSION

Wherefore, for the above stated reasons and with consideration given to the Court's discussion of the testimony of Plaintiff's experts in its Order dated November 10, 2011 (Doc. 48), the Court **GRANTS** Defendant's motion for summary judgment. Judgment is entered in favor of Defendant.

**IT IS SO ORDERED**.

DATED:     November 22, 2011            */s/ Richard E. Dorr*
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT

3

Case 3:10-cv-05067-RED   Document 49   Filed 11/22/11   Page 3 of 3